IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIRHAN RAMESH SHAH, A78 829 794, | : : | No. 3:05cv384 |
| Petitioner | : : | (Judge Munley) |
| v. | : : | |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT | : : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM and ORDER

Presently before the Court for disposition is Respondent Bureau of Immigration and Customs Enforcement's ("BICE") motion to transfer (Doc. 18) Petitioner Sirhan Ramesh Shah's ("Shah") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Shah's petition challenges a November 3, 2004 final removal order directing him to be removed to India. On February 23, 2005, we granted a stay in the instant case pending resolution of Shah's habeas petition. Shah challenges the final order of removability on the grounds that he is entitled to cancellation of removal because he is an abused spouse within the definition of 8 U.S.C. § 1229(b)(2). He further argues that he is entitled to withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) because the Indian government will put his life in danger upon his reentry to India. Finally, he argues that his continued detention is unreasonable pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). For the following reasons, we will dismiss the portion of his claim that seeks relief pursuant to Zadvydas, and we will transfer the remaining portions of the complaint to the United States Court of

Appeals for the Third Circuit Court.

Shah was ordered removed from the United States for having committed an aggravated felony. This order became final on November 3, 2004. Shah argues that his potentially indefinite detention pursuant to the removal order violates his due process rights. Although Shah does not specifically cite Zadvydas, we will apply it because we have a duty to construe *pro se* pleadings liberally and to apply the applicable law whether or not the *pro se* litigant mentions it by name. Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). In Zadvydas, the Court found that the due process clause limits duration of the detention period for an alien ordered removed while his removal is pending. Zadvydas v. Davis, 533 U.S. 678 (2001). To the extent that Shah argues that his continued detention is unreasonable, we will deny his claim.

Zadvydas held that a six month removable period following a final order of removability is presumptively reasonable. Id. Shah's final order was issued on November 2, 2004. He filed the instant petition, along with a motion for a stay of removal, on February 23, 2005, well within the six month period. Since February 23, 2005, the stay has remained in effect pending the resolution of this case. Thus, Shah has not been held against his will beyond a reasonable period of time; rather, he is being held pursuant to a stay that he requested. "Petitioner cannot secure release from detention which has been prolonged beyond the ninety-day removal period or presumptively reasonable six month period because of a judicial stay entered at his request to block his removal pending resolution of a habeas

2

petition." Marcelus v. I.N.S, Civ. A. No. 01-2587, 2002 WL 80301, at *1 (E.D. Pa. Jan.16, 2002) (citing Ma v. Ashcroft, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001)).

Thus, the presumptively reasonable removal period has not expired, and Shah's detention is constitutional.

We will transfer the remaining portion of his complaint because it challenges his final order of removal. The law currently provides that we do not have jurisdiction to hear section 2241 petitions of aliens challenging a removal that is based upon the commission of a criminal offense. 8 U.S.C. § 1252(a)(2)(C). Moreover, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C § 1252(a)(5).

This law became effective on May 11, 2005, while the instant petition was pending. The enactment provided that:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252).

H.R. 1268, 109th Cong. Pub. L. No. 109-13 (2005) (enacted).

Therefore, according to the express direction of Congress we must transfer this case to

3

the court of appeals where Shah could have filed a petition for review under 8 U.S.C. § 1252(b)(1). We will transfer this case to the Third Circuit because the Immigration Judge completed Shah's proceedings in York, Pennsylvania.  See 8 U.S.C. § 1252(b)(1) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

AND NOW, to wit, this ___21st___ day of June 2005, it is hereby **ORDERED** that:
1) Respondent BICE's motion to transfer the portion of Petitioner Shirhan Shah's (Alien No. A78 829 794) habeas petition challenging his final order of removal (Doc. 18) is hereby **GRANTED**;
2) The portion of the petition for a writ of habeas corpus (Doc. 1, 9) challenging Shah's final order of removal, issued in York Pennsylvania, is hereby **TRANSFERRED** to the United States Court of Appeals for the Third Circuit pursuant to the Real ID Act.
3) The stay issued on February 23, 2005 (Doc. 2) shall remain in place during and after transfer.  The Government may move in the Court of Appeals to vacate the stay if appropriate.
4) The portion of Petitioner Shah's petition for a writ of habeas corpus (Doc. 1, 9) challenging his continued detention as violative of due process pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) is hereby **DENIED**.
5) The Clerk of Courts is directed to close this case in this district.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court